UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 24-cv-22236-BLOOM/Elfenbein

LUV N' CARE, LTD., and NORTH
AMERICAN LAND DEVELOPMENT
CORPORATION,

    Plaintiffs,
v.

GRACE SHAMOSH HAKIM,

    Defendant.
_____/

## ORDER ON MOTION TO DISMISS AMENDED COMPLAINT

**THIS CAUSE** is before the Court upon Defendant Grace Shamosh Hakim's Motion to Dismiss, ECF No. [31]. Plaintiffs LUV N' CARE, LTD. ("LNC") and NORTH AMERICAN LAND DEVELOPMENT CORPORATION ("NALD") (collectively "Plaintiffs"), filed a Response, ECF No. [36], to which Defendant filed a Reply, ECF No. [37]. The Court has reviewed the Motion, the record, the supporting and opposing submissions, the applicable law, and is otherwise fully advised. For the reasons that follow, Defendant's Motion to Dismiss is denied.

**I. BACKGROUND**

On April 6, 2023, Plaintiffs filed a Complaint against Jack Hakim, Defendant's ex-husband, for breach of contract requiring repayment of personal expenses in the Western District of Louisiana, Civil Action No. 3:23-00452 (the "Louisiana Litigation"). ECF No. [16] at ¶ 12. Several months later, Plaintiffs filed "an Amended Complaint in the Louisiana Litigation adding [Defendant Grace Shamosh Hakim] as an additional [D]efendant[,] asserting a claim against her for unjust enrichment." *Id.* at ¶ 13. On September 26, 2023, Defendant Grace Hakim moved to dismiss the Amended Complaint in the Louisiana Litigation for lack of personal jurisdiction based

1

on her Florida residence. *Id.* at ¶ 15. Plaintiffs sought to avoid dismissal by attempting to transfer the action to this District; however, Defendant Grace Hakim's motion to dismiss was granted and Plaintiffs' transfer was denied. *Id.* at ¶ 15-16 Accordingly, Plaintiffs initiated the instant action against Defendant in this District on June 10, 2024. ECF No. [1]. Plaintiffs have since filed the now operative Amended Complaint asserting two claims against Defendant: a claim for unjust enrichment by LNC (Count 1), and a claim for unjust enrichment by NALD (Count 2). *See generally* ECF No. 16.

The Amended Complaint alleges as follows: Nouri E. Hakim, Joseph Hakim, and Jack Hakim (the "Defendant's ex-husband" or "Jack") are brothers who founded LNC and NALD, both of which are headquartered in and do business in the State of Louisiana. *Id.* at ¶ 17. Defendant and [Jack] Hakim[1] previously "maintained a joint household, owned real property together and combined their finances" until April 8, 2021, when Jack initiated divorce proceedings against Defendant. *Id.* at ¶¶ 18-19. Jack's role as a "salesman, consultant, and advisor" for Plaintiffs required him to travel extensively, and it was oftentimes "in LNC's interest to have the Defendant accompany and assist [Jack] on company-related travel and entertainment." *Id.* at ¶ 21. Therefore, "LNC provided [Jack] and [Defendant] with credit cards in both of their names to be used for company business" and "medical expenses." *Id.* at ¶¶ 22-23. Plaintiffs allege that Defendant knew the credit cards came with the proviso that any personal or household expenses the couple incurred had to be reimbursed to NALD and LNC at their Louisiana headquarters. *Id.* at ¶¶ 24-25, 30.[2]

---

[1] The Amended Complaint appears to contain a typo that refers to Joseph Hakim instead of Jack Hakim. *See* ECF No. 16 at ¶ 19.

[2] The credit cards were issued to Defendant and the Defendant's ex-husband from Louisiana, the billing was directed to Louisiana, and LNC's payments to the credit card companies were made directly by LNC from Louisiana. *Id.* at ¶¶ 26-27. Plaintiffs state that, "[f]or the most part, the account statements were sent to LNC in Louisiana, but some early account statements were sent directly to Grace Hakim at her residence in New Jersey, from which she would forward them to LNC in Louisiana for payment." *Id.* at ¶ 28.

Defendant was personally responsible for providing monthly breakdowns of the couple's "personal versus business charges to the Louisiana headquarters of LNC," and paying LNC back for "personal charges unrelated to company business." *Id.* at ¶¶ 29, 31-32. Not only did Defendant and her ex-husband incur personal expenses on company credit cards, but the couple also had NALD loan them money and make "advance payments for certain expenses relating to a personal residence then jointly owned by Jack Hakim and Grace Hakim." *Id.* at ¶ 33. The Defendant and her ex-husband were to reimburse NALD for their personal residence expenses as well. *Id.* at ¶ 36. Although Plaintiffs requested repayments for the loans and the couple's other personal expenses, "[m]ost of the expenses were not reimbursed." *Id.* at ¶ 34. Defendant "knew the payments made by [Plaintiffs] for her personal and household expenses were made from Louisiana and were to be reimbursed to [Plaintiffs] in Louisiana." *Id.* at ¶ 35. Defendant "benefited directly from the payment of the amounts paid by NALD and LNC for her and her husband's joint, common and household personal expenses." *Id.* at ¶ 20.

On December 23, 2020, Plaintiffs sent a demand letter to Defendant for repayment of the amounts Plaintiffs paid on behalf of Defendant and her ex-husband plus interest. *Id.* at ¶ 38. On January 5, 2021, Plaintiffs sent a second demand letter to Defendant's residences in Florida and New Jersey for repayment "of the then current balance of over $1 million." *Id.* at ¶ 39. As of the date of Plaintiffs' Amended Complaint, no payment had been made on the outstanding balance and additional interest incurred. *Id.* at ¶ ¶ 38, 40.

On September 5, 2024, Defendant filed the instant Motion to Dismiss arguing that the Amended Complaint is defective for two reasons. ECF No. [31]. First, Plaintiffs' unjust enrichment claims fail to allege a direct benefit to Defendant. *Id.* at 5-6. Moreover, Defendant contends Plaintiffs cannot assert unjust enrichment claims because such equitable relief is not

available where there is an express contract concerning the same subject matter of the claim between Plaintiffs and Defendant's ex-husband to which the Defendant is not a party. *Id.* at 6-8. [3]

Plaintiffs respond that Defendant did receive a direct benefit even if the benefit was shared to some extent with Defendant's ex-husband. ECF No. [36] at 4. Plaintiffs maintain that Defendant need not be the sole beneficiary for a claim of unjust enrichment to lie. *Id.* And regardless, the question of whether Defendant received a direct benefit is a question of fact that would be inappropriate for the Court to resolve at the motion to dismiss stage.

Regarding Defendant's second argument, Plaintiffs contend they may plead alternative theories in this case than they have in the Louisiana Litigation. *See id.* at 7. Additionally, Plaintiffs argue that the rule barring recovery in equity where there is a valid legal remedy does not apply at this stage of the proceedings as the existence of a valid legal contract has yet to be proven. *See id.* As such, there is no prohibition against Plaintiffs pleading unjust enrichment simply because they have also separately alleged a breach of contract in another case.

## II. LEGAL STANDARD

"On a Rule 12(b)(6) motion to dismiss, '[t]he moving party bears the burden to show that the complaint should be dismissed.'" *Sprint Sols., Inc. v. Fils–Amie*, 44 F. Supp. 3d 1224, 1228 (S.D. Fla. 2014) (quoting *Mendez–Arriola v. White Wilson Med. Ctr. PA*, No. 09–495, 2010 WL 3385356, at *3 (N.D. Fla. Aug. 25, 2010)). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl.*

---

[3] Defendant also argues that in the event the Court denies the Motion, the Court should strike Plaintiffs' demand for attorneys' fees in Count 1 and Count 2 because Plaintiffs fail to allege a statutory or contractual basis that would entitle them to an award of attorneys' fees. ECF No. [31] at 8. However, Plaintiffs have since withdrawn their claim for attorneys' fees. ECF No. [36] at 3 n.3.

4

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). A complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. As a general rule, when reviewing a motion to dismiss, a Court must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012). Although the Court is required to accept all of the factual allegations as true, this tenet is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678. In considering a Rule 12(b) motion to dismiss, the court is ordinarily limited to the facts contained in the complaint and attached exhibits. *See Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006).

It is well-settled that "where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997); *see also Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999) (noting that "a document central to the complaint that the defense appends to its motion to dismiss is also properly considered") (citation omitted).

Case No.: 24-cv-22236-BLOOM/Elfenbein

### III. DISCUSSION

#### A. Prima Facie Case of Unjust Enrichment[4]

Defendant argues that both counts of unjust enrichment should be dismissed because Plaintiffs fail to sufficiently plead a claim upon which relief may be granted. ECF No. [31]. Defendant asserts that under Florida law, in order to plead an unjust enrichment claim, a plaintiff must allege that "(1) plaintiff has conferred a benefit *on the defendant*, who has *knowledge thereof*; (2) defendant voluntarily accepts and retains the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without first paying the value thereof to the plaintiff." *Id.* at 5 (emphasis in the original) (citing *Extraordinary Title Servs., LLC v. Fla. Power & Light Co.*, 1 So. 3d 400, 404 (Fla. 3d DCA 2009); *Duty Free World, Inc. v. Miami Perfume Junction, Inc.*, 253 So. 3d 689, 693 (Fla. 3d DCA 2018)). Defendant contends that under Florida law, "a plaintiff must allege and prove that it conferred a *direct* benefit upon a defendant, not some remote, tangential benefit." *Id.* at 5 (citing *Extraordinary Title Servs. LLC*, 1 So. 3d at 404). Defendant argues that Plaintiffs have failed to identify a single transaction that conferred a direct benefit onto Defendant as opposed to her now ex-husband. According to Defendant, Plaintiffs have not alleged that they "paid money or transferred money *to* Defendant that Defendant allegedly failed to repay." *Id.* at 6.

Plaintiffs agree with Defendant about what is required to establish an unjust enrichment claim under Florida law; however, Plaintiffs contend that Louisiana law governs the claims in this case. *See* ECF No. [36] at 3-4. While Louisiana law is similar to Florida law with respect to unjust enrichment, Louisiana law does not require a plaintiff to confer a "direct benefit" upon the defendant before such a claim can lie. *See id.* at 4. Accordingly, Plaintiffs argue the absence of any

---

[4] As both claims of unjust enrichment are based on the same underlying facts and Defendant relies on the same arguments to dismiss both claims, the Court will analyze the claims together.

allegation that Defendant received a direct benefit is irrelevant in deciding whether Plaintiffs' claims survive the instant motion to dismiss.

Moreover, even assuming Florida law applies, Plaintiffs maintain that there are sufficient allegations of a direct benefit conferred upon Defendant to establish unjust enrichment. According to Plaintiffs, Defendant "erroneously suggests that no direct benefit was conferred merely because the direct benefits conferred were, at least in some instances, shared with her ex-spouse." *Id.* at 4. However, Plaintiffs claim all that is required to establish a direct benefit under Florida law is to show that a defendant received some direct benefit not that a defendant was the exclusive beneficiary of the benefit. *See id.* Plaintiffs also disagree with Defendant's contention that the Amended Complaint fails to allege that Plaintiffs paid or transferred money directly to Defendant. Plaintiffs point out that their Amended Complaint specifically asserts that "Defendant received direct benefits from Plaintiffs, including the payment of personal expenses on credit cards in her name, as well as payments for her own household improvements and expenses." *Id.* at 5 (citing ECF No. [1] at ¶¶ 19-37). Although Plaintiffs do not specifically identify each transaction where Defendant incurred a direct benefit, Plaintiffs argue such specificity is not required to survive a motion to dismiss. *See* ECF No. [36] at 7.

Furthermore, Plaintiffs assert that even if there is an argument that the benefits Defendant received from Plaintiffs were not "direct benefits," the issue is factual in nature and "most appropriately resolved at trial and not at the pleadings stage." *Id.* at 6.

Before the Court decides whether Plaintiffs have sufficiently alleged claims of unjust enrichment, the Court addresses whether Florida or Louisiana law applies. "[A] federal district court sitting in diversity must apply the choice of law rules of the forum state." *Clanton v. Inter. Net Glob., L.L.C.*, 435 F.3d 1319, 1323 (11th Cir. 2006) (alteration added; internal quotation marks

and citation omitted). Because the Court is exercising diversity jurisdiction over the suit, Florida's choice-of-law rules apply. *Arndt v. Twenty-One Eighty-five, LLC*, 448 F. Supp. 3d 1310, 1315 (S.D. Fla. 2020). Absent a choice of law provision, as is the case here, "Florida conflict of law rules dictate that courts should apply *lex loci contractus,* or the law of the state where the contract was made, to questions of contracts." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1059 (11th Cir. 2007). Florida courts apply *lex loci contractus* to unjust enrichment claims. *See Am. Home Assur. Co. v. Weaver Aggregate Transp., Inc.*, 773 F. Supp. 2d 1317, 1324 (M.D. Fla. 2011) (explaining that the "lex loci contractus" rule applies to "choice of law determination regarding issues of contract law" including "claims of unjust enrichment.") (citing *Trumpet Vine Investments, N.V. v. Union Capital Partners I, Inc.*, 92 F. 3d 1110, 1119-20 (11th Cir. 1996)).[5] Accordingly, the Court looks to where the implied agreement or related contract was created.

As alleged by the Amended Complaint in the Louisiana Litigation, the purported contract associated with Plaintiffs' unjust enrichment claims originated in Louisiana.[6] Furthermore, in the instant action, Plaintiffs allege that the credit cards were issued to Defendant and Defendant's ex-husband from Louisiana, the billing was directed to Louisiana, and LNC's payments to the credit card companies were made directly by LNC from Louisiana. ECF No. [16] at ¶¶ 26-27, 34. Based on these allegations, Florida choice-of-law rules dictate that Louisiana law applies. Under Louisiana law, "[t]he five requirements for a showing of unjust enrichment, or *actio de in rem*

---

[5] *See also Doe v. Roe*, No. 20-14456, 2022 WL 1447378, at *5 (11th Cir. May 9, 2022) (noting that it was reasonable to assume "that Florida's choice-of-law rules would treat [the plaintiff's] unjust-enrichment claim the same as her breach-of-contract claim with respect to which forum's substantive law applied" where the unjust enrichment claim was based on the same underlying allegations as her breach-of-contract claim").

[6] As noted earlier, the Court may properly consider the Amended Complaint in the Louisiana Litigation in reviewing Defendant's Motion to Dismiss as it was attached to the pleadings and is central to the Plaintiff's Amended Complaint in this case. *See Brooks*, 116 F.3d at 1369; *Harris*, 182 F.3d at 802 n. 2.

*verso,* are: (1) there must be an enrichment, (2) there must be an impoverishment, (3) there must be a connection between the enrichment and resulting impoverishment, (4) there must be an absence of 'justification' or 'cause' for the enrichment and impoverishment, and (5) there must be no other remedy at law available to plaintiff." *Baker v. Maclay Properties Co.*, 648 So. 2d 888, 897 (La. 1995). Unlike in Florida, there is no requirement that a defendant incur a direct or exclusive benefit to establish an unjust enrichment claim. Accordingly, Defendant's argument that the Amended Complaint lacks an allegation of a direct benefit does not establish that Plaintiffs have failed to state a claim.

However, even if Florida law applies to Plaintiffs' unjust enrichment claims, Defendant's direct benefit argument would fare no better. Under Florida law, "[t]he elements of a cause of action for unjust enrichment are: (1) plaintiff has conferred benefit on the defendant, who has knowledge thereof; (2) defendant voluntarily accepts and retains the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff." *CFLB P'ship, LLC v. Diamond Blue Int'l, Inc.*, 352 So. 3d 357, 359 (Fla. 3d DCA 2022). The Supreme Court of Florida has instructed that "to prevail on an unjust enrichment claim, the plaintiff must *directly* confer a benefit to the defendant." *CFLB P'ship, LLC*, 352 So. 3d at 359 (quoting *Kopel v. Kopel*, 229 So. 3d 812, 818 (Fla. 2017)). While Florida law does indeed require that a plaintiff plead it conferred a direct benefit upon the defendant, Plaintiffs have done so here. In the Amended Complaint, Plaintiffs allege "[Defendant] benefited directly from the payments of the amounts paid by NALD and LNC for her and her husband's joint, common and household personal expenses." ECF No. [16] at ¶ 20. Plaintiffs contend that Defendant and her ex-husband received advances for personal expenses, and as a joint owner of her home, Defendant personally benefited from "advances payments relating to a

9

personal residence." ECF No. [36] at 2 (citing ECF No. [16] at ¶¶ 33-37). Defendant asserts that Plaintiffs' allegations do not satisfy the direct benefit requirement because the alleged transactions were paid directly to Defendant's ex-husband for his benefit and only remotely or tangentially benefited Defendant as she maintained a joint household and bank accounts with her ex-husband. *See* ECF No. [31] at 6. However, Defendant seemingly overlooks certain allegations. The Amended Complaint asserts that Plaintiffs provided Defendant with a credit card in her own name to be used for "company business." ECF No. [16] at ¶ 23. Plaintiffs further allege that Defendant paid for personal expenses on her card and ultimately failed to repay those personal expenses, notwithstanding the proviso that both Defendant and her ex-husband were responsible for reimbursing Plaintiffs for any unauthorized personal expenses incurred on their respective cards. *See id.* at ¶¶ 24, 31-32, 34-36, 40. As such, the allegations reflect a benefit flowing directly to the Defendant.

### B.  Unjust Enrichment Claims Asserted with Breach of Contract Claims

Defendant argues that Plaintiffs cannot pursue unjust enrichment claims because their claims in the Louisiana Litigation assert that the Defendant's ex-husband "allegedly contracted regarding those affairs." ECF No. [31] at 6. According to Defendant, where there exists a valid legal remedy against one party under a contract, a plaintiff may not pursue an equitable remedy against a non-party to the contract for the same conduct. *Id.* at 6-7.

Plaintiffs respond that they are permitted to plead alternative theories of recovery at this stage of the litigations since the parties to the Louisiana Litigation have not yet established the existence of a contract between Plaintiffs and Defendant's ex-husband. ECF No [36] at 7. In fact, according to Plaintiffs, Defendant's ex-husband has expressly denied the existence of a contract in the Louisiana Litigation. *See* ECF No. 36 at 2 n.2 (citing *N. Am. Land Dev. Corp. v. Hakim*, No.

10

CV 3:23-00452 (W.D. La.), ECF No. [24] ¶ 12 (Jack Hakim's Answer to Amended Complaint). Defendant replies that while alternative pleadings are permissible in certain circumstances, "this is not such a scenario." ECF No. [37] at 5. Defendant contends that because Plaintiffs plead "the existence of a contract and a breach of contract claim against [Defendant's ex-husband] arising out of the same subject matter – i.e., 'repayment of *the personal expense*' – but do not allege anywhere that the unjust enrichment claims are being ple[]d in the alternative[,]" the unjust enrichment claims must be dismissed. *Id.* at 5.

The Court finds that Plaintiffs' unjust enrichment claims are not barred simply because they have alleged a breach of contract claim in the Louisiana Litigation based on the same underlying conduct. As Plaintiffs correctly point out, an unjust enrichment claim and a breach of contract claim may be plead simultaneously so long as the existence of the contact has not been proven and the parties have not otherwise stipulated to the existence of a contract. See *Sierra Equity Grp., Inc. v. White Oak Equity Partners, LLC*, 650 F. Supp. 2d 1213, 1229 (S.D. Fla. 2009) ("Until an express contract is proven, a motion to dismiss a claim for . . . unjust enrichment on these grounds is premature.") (quoting *Williams v. Bear Stearns & Co.,* 725 So. 2d 397, 400 (Fla. 5th DCA 1998)); *McAbee Construction, Inc. v. Textron Aviation Inc.*, Case No. 8:24-cv-01530, 2024 WL 4518557, at *2-3 (M.D. Fla. Oct. 17, 2024) ("It is not upon a plaintiff's 'allegation of the existence of a contract, but upon a showing that an express contract exists that the unjust enrichment count fails.'[ ] Put another way, until Defendant admits there is an express contract between the parties, a motion to dismiss a claim for unjust enrichment on these grounds is premature."); *Rhodes v. Embry-Riddle Aeronautical Univ., Inc.*, 513 F. Supp. 3d 1350, 1359 (M.D. Fla. 2021) ("Where parties dispute the existence of an underlying contract, dismissal of Plaintiff's unjust enrichment claim is premature. [ ] Even more important, courts consistently allow plaintiffs

to allege alternative claims.") (internal citation omitted). Although Plaintiffs allege in the Amended Complaint in the Louisiana Litigation that "Plaintiffs and Jack Hakim entered into a written contract," the parties in this case have neither stipulated to the existence of a contract nor has the existence of the contract been proven. Jack Hakim also continues to deny the existence of a contract between him and the Plaintiffs in the Louisiana Litigation. *See* ECF No. 36 at 2 n.2 (citing *N. Am. Land Dev. Corp. v. Hakim*, No. CV 3:23-00452 (W.D. La.) "Louisiana Litigation", ECF No. [24] ¶ 12 (Jack Hakim's Answer to Amended Complaint). As such, dismissal of the unjust enrichment claims is premature as there is still a dispute regarding the existence of the related contract.

Defendant provides no case law to the contrary. Defendant first directs the Court to *Doral Collision Ctr., Inc. v. Daimler Tr.*, where the court stated that "it is well settled that a plaintiff 'cannot pursue an equitable theory, such as unjust enrichment or quantum meruit, to prove entitlement to relief if an express contract exists.'" 341 So. 3d 424, 430 (Fla. 3d DCA 2022) (quoting *Ocean Commc'ns, Inc. v. Bubeck*, 956 So. 2d 1222, 1225 (Fla. 4th DCA 2007)). Defendant also cites *Peebles v. GrassMasters Prop. Mgmt., Inc.*, where the court held that the trial court erred in granting recovery in equity because the unjust enrichment claim concerned the same subject matter as the contract. 384 So. 3d 287 (Fla. 3d DCA 2023). However, *Doral Collision* and *Peebles* are inapposite to the instant case. *Doral Collision* concerned a review of the trial court's order on a motion for summary judgment involving an unjust enrichment "where it [was] clear from the record that an express contract for repair of the vehicle exist[ed]." 341 So. 3d at 430. Similarly, during the bench trial in *Peebles*, the trial court found the defendant liable for breach of contract. *See* 384 So.3d at 288. The court of appeals reversed because the court awarded relief on both the breach of contract and the unjust enrichment claims. *See id.* at 289. In each case cited by

12

Defendant, not only was the case well past the pleading stage, but the trial courts had determined that a contract existed. *See Peebles*, 384 So. 3d at 289 ("Because an express contract existed between Grassmasters and Don, the trial court erred in granting Grassmasters recovery in equity against Katrina, a non-party to the contact, under the theory of unjust enrichment concerning the same subject matter of the contract."); *Doral Collision Center, Inc.*, 341 So. 3d at 430 ("Here, it is clear from the record that an express contract for repair of the vehicle exists. Doral is pursuing claims for breach of contract against both Leon and Sushi Bar based on that contract and those claims remain before the trial court. Therefore, the trial court properly determined Daimler was entitled to summary judgment [on the unjust enrichment claim.]"). Here, the Amended Complaint's reference to the breach of contract claim in the Louisiana Litigation is insufficient to establish that a valid, express contract exists because Plaintiffs merely *allege* that there is a claim involving an alleged contract. ECF No. [16] at ¶ 12; ECF No. [36] at 7-8. There must be evidence to show that the contract existed, and since no such evidence has been presented, Plaintiffs are not precluded from pursuing recovery in equity against Defendant as it is still unclear whether Plaintiffs will be able to establish the existence of a valid contract in the Louisiana Litigation.

The Court is also unpersuaded that the unjust enrichment claim must be dismissed because it has not been pled in the alternative to a breach of contract claim. Defendant argues that case law permitting an unjust enrichment claim in the alternative to a breach of contract claim are inapposite because Plaintiffs do not assert a breach a contract claim in this case. ECF No. [37] at 5. Therefore, Plaintiffs' unjust enrichment claims are not "in the alternative" to a breach of contract claim and the unjust enrichment claims must be barred since Plaintiffs have an adequate remedy at law. *See id.* Defendant cites to this Court's decision in *Am. Marine Tech, Inc. v. World Group Yachting, Inc.*, 418 F. Supp. 3d 1075, 1083 (S.D. Fla. 2019) for support that an unjust enrichment claim may

13

only survive simultaneously with a breach of contract claim where the unjust enrichment claim is plead in the alternative. *See id*. However, *Am. Marine Tech, Inc.*, is distinguishable as there was no dispute between the parties in that case as to the existence of a contract. *See* 418 F. Supp. 3d at 1083 ("[T]here [was] no dispute between the parties that the Service Agreement was entered into between Plaintiff and Yacht Charter."). Therefore, the unjust enrichment claim was plainly foreclosed because the plaintiff was required to pursue the legal remedy available pursuant to the contract.

Moreover, to the extent that the Court in *Am. Marine Tech, Inc.* addressed whether Plaintiff adequately plead unjust enrichment, "in the alternative," the Court merely found that an unjust enrichment claim is not brought in the alternative to a breach of contract claim where the plaintiff asserts that a valid contract existed within the count for unjust enrichment. *See id.* (citing *JI-EE Industry Co., Ltd. v. Paragon Metals, Inc.*, No. 09–81590–CIV, 2010 WL 1141103, *1 (S.D. Fla. March 23, 2010) ("Clearly, then, a complaint cannot allege an express agreement in a claim for unjust enrichment or promissory estoppel. That stated, Plaintiff is not prevented from pursuing the alternative claims of breach of contract, unjust enrichment and promissory estoppel in separate counts.") (internal citations and quotations omitted). Here, neither count of unjust enrichment alleges the existence of a valid contract. As such, this Court's holding in *Am. Marine Tech, Inc.* has no bearing on this case and Plaintiffs have no obligation at this juncture to pursue a breach of contract claim in lieu of their unjust enrichment claims.

### C. Staying the Case

"It is well-established that a district court has the authority to stay proceedings on its own motion or on motion of the parties." *In re application of Alves Braga*, 789 F. Supp. 2d 1294, 1307 (S.D. Fla. 2011) (citing *Landis v. North Am. Water Works and Elec. Co.*, 299 U.S. 248, 254 (1936);

Case No.: 24-cv-22236-BLOOM/Elfenbein

*Ortega Trujillo v. Conover & Co. Commc'ns, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000); *Government of the Virgin Islands v. Neadle*, 861 F. Supp. 1054, 1055 (M.D. Fla. 1994) ("a district court has discretion to stay an action which duplicates one pending in another federal district court.")). Because the viability of Plaintiffs' unjust enrichment claims hinge on whether a valid contract exists between Defendant's ex-husband and Plaintiffs, the Court finds its appropriate to stay the case until the Western District of Louisiana decides that issue. *See Owens-Benniefiled v. Nationstar Mortgage LLC*, Case No.: 8:17–cv–540–T–33TGW, 2017 WL 1426720, at *2 (M.D. Fla. 2017) ("Federal courts routinely exercise their power to stay a proceeding where a pending decision in another court would 'have a substantial or controlling effect on the claims and issues in the stayed case.'") (quoting *Miccosukee Tribe of Indians of Fla. v. South Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009)); *see also Suite 225, Inc. v. Lantana Ins. Ltd*, Case No. 12-80409-CIV, 2013 WL 12171122, at *1 (S.D. Fla. Jan. 29, 2013) ("A stay is particularly appropriate, and within the court's sound discretion, where the outcome of another case may substantially affect or be dispositive of the issues in a case pending before a district court. This is especially true where the other case is proceeding in another federal court.") (internal citations and quotations omitted). Not only will a stay allow the Western District of Louisiana to resolve a potentially dispositive issue in this case, were the Court to proceed, there is a risk that this Court and the Western District may reach inconsistent results regarding the existence of a contract between Jack Hakim and Plaintiffs. As such, the Court exercises its sound discretion and stays the case in the interest of judicial economy and to avoid inconsistent results.[7]

---

[7] "Even where deemed appropriate, a discretionary stay must be 'kept within the bounds of moderation.' The Eleventh Circuit has interpreted this 'moderation' limitation to require that district courts limit the scope of a stay and articulate sufficient reasons for it. 'Such reasons may include the interests of justice and judicial economy, including avoiding inconsistent results, the duplication of efforts, and the waste of judicial resources.'" *Suite 225, Inc.*, 2013 WL 12171122, at *2 (internal citations omitted).

IV. **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Defendant Grace Hakim's Motion to Dismiss Amended Complaint, **ECF No. [31]**, is **DENIED.**

2. The Defendant shall file an Answer to the Amended Complaint no later than **December 16, 2024.**

3. Following the submission of Defendant's Answer, the case shall be **STAYED** until the District Court in the Western District of Louisiana determines the existence of a contract between Plaintiffs and Jack Hakim in the "Louisiana Litigation" (*N. Am. Land Dev. Corp. v. Hakim*, No. CV 3:23-00452).

4. The parties shall file a joint notice every 60 days as to the status of the Louisiana Litigation. Additionally, the parties shall file a notice within ten days of any disposition regarding the existence or non-existence of a contract in that case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 3, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record